# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 18-217 |
| v. | ) |
| VERNON JACKSON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CONTI, Senior District Judge.

### I. Introduction

Defendant Vernon Jackson ("Jackson") filed a motion to suppress evidence obtained pursuant to a search warrant. (ECF No. 48). Jackson argues that the search warrant was not supported by probable cause. The government filed a response in opposition, observing that because defendant's challenge involves the four corners of the search warrant application and affidavit, there is no need for an evidentiary hearing. (ECF No. 50 at 2). Defendant agrees, arguing that the court may only consider the statements in the affidavit. (ECF No. 48 at 5). The motion is ripe for disposition.

### II. Factual and Procedural Background

Jackson is charged in a one-count indictment at Criminal Number 18-217 with possession with intent to distribute cocaine on March 8, 2018. The indictment stems from the execution of a search warrant on March 8, 2018 at a residence on 3023 Pioneer Avenue, Pittsburgh, Pennsylvania. Jackson was the only person in the residence when the warrant was executed.

The search warrant was signed on March 7, 2018, by a judge on the Allegheny County Court of Common Pleas. Detective William Churilla ("Churilla") submitted a thirteen-page

application and affidavit of probable cause. (ECF No. 52).

The following facts are set forth in the affidavit. Churilla had been a Pittsburgh police officer for twenty-one years, made over 1000 arrests, executed over 200 search warrants, and completed the "Top Gun" narcotics investigator training. *Id.* at 4. In February 2018, detectives began investigating 3023 Pioneer Avenue for the packaging and sale of cocaine and crack cocaine from the residence. *Id*. at 5.

On February 21, 2018, detectives executed a "trash pull" in which they retrieved three white trash bags from the curb outside 3023 Pioneer Avenue awaiting the morning trash pickup. In the trash bags they found indicia for several persons: Vernon Davis, Leslie McCoy, Denise McCoy, India Frierson, Lynzsa Hockett and Junius Smith. They also recovered one sandwich bag and two "baggie diapers." *Id*. at 5-6. The affidavit explained that drug dealers use the corners of sandwich bags to package narcotics for sale and tear the corners away from the rest of the sandwich bag. The remains of the sandwich bag, with the corners torn off, resemble a diaper, hence the term "baggie diaper." *Id*. at 9.

On February 27, 2018, detectives conducted another trash pull for the next week's trash pickup at 3023 Pioneer Avenue. They recovered indicia for India Frierson, three baggie diapers (two with cocaine residue) and a baggie corner with cocaine residue, as confirmed using a Scotts Field Test kit. *Id*. at 6-7.

On March 6, 2018, detectives conducted a third trash pull on the next week's trash pickup at 3023 Pioneer Avenue. Detectives found indicia for Vernon Jackson, Vernon Davis, Jose Miller, Leslie McCoy, India Frierson and Lynzsa Hockett. They recovered a total of fourteen baggie diapers/corners, two of which tested positive for cocaine, and a box for a digital scale. *Id*. at 8-9. The affidavit explained that narcotics dealers commonly use digital scales to weigh their

2

product prior to packaging for sale. *Id.* at 10.

The affidavit described Churilla's research about the names found on the indicia retrieved from the trash at 3023 Pioneer Avenue. Churilla confirmed that Leslie McCoy and Jose Miller listed their addresses as 3023 Pioneer Avenue. Indicia recovered from the trash pulls showed that Vernon Jackson and India Frierson listed their addresses as 3023 Pioneer Avenue, but that was not confirmed by the research. Vernon Jackson's drivers license listed his address as P.O. Box 42277, Pittsburgh, Pennsylvania, an address that was on several pieces of indicia recovered in the trash pulls. *Id*. at 10. Churilla did not find any information about Lynzsa Hockett. The probation office informed Churilla that Junius Smith no longer lived at 3023 Pioneer Avenue. *Id*. at 11-12.

The affidavit showed that Leslie McCoy, Jose Miller and India Frierson all had prior convictions for possession with intent to deliver a controlled substance and possession of a controlled substance. *Id.* at 11. Jackson was charged multiple times for possession with intent to deliver a controlled substance and possession of a controlled substance, although the affidavit noted that Jackson was not convicted of these charges. *Id*. at 10.

III.     Legal Analysis

The Fourth Amendment protects the public from "unreasonable searches and seizures." U.S. Const. amend. IV. The government must prove, by a preponderance of the evidence, that "each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005).

This court must conduct "a deferential review of the initial probable cause determination made by the magistrate." *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010). The Third Circuit Court of Appeals summarized the applicable legal principles in *Stearn*:

> The role of a reviewing court is not to decide probable cause de novo, but to determine whether "the magistrate had a substantial basis for concluding that probable cause existed." *Id.* at 238, 103 S. Ct. 2317 (citation and quotation omitted). As we explained in *Jones*,
>
>> [O]ur role is not to make our own assessment as to whether probable cause existed. Rather, we are constrained to determine only whether the affidavit provides a sufficient basis for the decision the magistrate judge actually made.
>
> *Jones*, 994 F.2d at 1057. If a substantial basis exists to support the magistrate's probable cause finding, we must uphold that finding even if a "different magistrate judge might have found the affidavit insufficient to support a warrant." *Conley*, 4 F.3d at 1205. Although we do not merely "rubber stamp a magistrate's conclusions," *Whitner*, 219 F.3d at 296 (citation and quotation omitted), we must heed the Supreme Court's direction that "doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Gates*, 462 U.S. at 237 n. 10, 103 S. Ct. 2317 (citation and quotation omitted).
>
> Probable cause is a "fluid concept" that "turn[s] on the assessment of probabilities in particular factual contexts." *Id*. at 232, 103 S.Ct. 2317. When presented with an application for a search warrant, the magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238, 103 S.Ct. 2317. Although every affidavit ideally would contain direct evidence linking the crime with the place to be searched, a magistrate may issue a search warrant even without direct evidence. Probable cause can be, and often is, inferred from "the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide [evidence]." *Jones*, 994 F.2d at 1056 (citation and quotation omitted). Because probable cause is a "practical, nontechnical conception," we are concerned with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Gates*, 462 U.S. at 231, 103 S.Ct. 2317 (citation and quotation omitted).

*Id*.

Jackson concedes that trash pulls are a valid investigatory technique, but argues that recovery of a small amount of baggie corners with residue, which suggests personal use, is insufficient to

create a fair probability that drugs would be found in the residence. (ECF No. 48 at 3.) Jackson relies heavily on the decision in *United States v. Abernathy*, 843 F.3d 243 (6th Cir. 2016), which held that the evidence recovered from a single trash pull, standing alone, did not create a fair probability that drugs would be found in Defendant's home.[1] The court explained that the presence of a small amount of marijuana paraphernalia in the garbage was too logically attenuated to support a fair inference that more drugs would be found in the residence. *Id*. at 255.

The decision in *Abernathy* is readily distinguishable. In *Abernathy*, the court was careful to restrict its holding to evidence from a single trash pull standing alone. *Id.* at 256-57. The court recognized: "It is well established in this Circuit that drug paraphernalia recovered from a trash pull establishes probable cause to search a home when combined with other evidence of the resident's involvement in drug crimes." *Id.* at 251–52. The affidavit in this case supplied additional evidence of involvement in drug crimes by the residents at 3023 Pioneer Avenue. Unlike the situation in *Abernathy*, *id.* at 248, the state court judge who decided to issue the warrant in this case was aware that three of the residents of the home had prior drug convictions and a fourth resident had several drug charges. In *United States v. Talley*, 692 F. App'x 219, 222 (6th Cir. 2017), the court distinguished *Abernathy* and upheld a search because the affidavit detailed facts beyond the trash-pull evidence to support probable cause, namely, that the officers smelled unburnt marijuana when they approached the home several days earlier and a possible occupant of the house had an extensive criminal record, including a drug trafficking conviction.

In addition, the court in *Abernathy* was concerned about staleness, explaining that it was impossible, based on only one trash pull, to know whether the drugs were placed in the garbage a

---

[1] *Abernathy* is not binding on this court and there was a dissent in that case.

5

day or several weeks earlier. 843 F.3d at 255. In *United States v. Leonard*, 884 F.3d 730 (7th Cir. 2018) (upholding a search based on two trash pulls), the court distinguished *Abernathy* and commented: "While one search turning up marijuana in the trash might be a fluke, two indicate a trend." *Id*. at 734-35. The detectives in this case conducted three trash pulls on consecutive weeks and obtained evidence of drug dealing (baggie diapers and a box for a digital scale) every time. Even without additional facts, three trash pulls in a row finding evidence of drug dealing supports a reasonable, commonsense inference that ongoing drug activity is occurring in the residence.

The search warrant will be upheld, particularly given the deferential review this court must give to a warrant issued by a judge. *See United States v. Miller*, 134 F. App'x 531, 533 (3d Cir. 2005) (upholding warrant based on an affidavit reflecting a trash pull that recovered baggies field tested positive for cocaine and resident was previously arrested for a drug violation).

### IV. Conclusion

After careful consideration of the record and relevant legal authorities, the court concludes that the motion to suppress evidence filed by Jackson (ECF No. 48) will be DENIED.

An appropriate order will be entered.

March 11, 2019

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) CRIMINAL NO. 18-217 |
| v. | ) |
| **VERNON JACKSON**, | ) |
| Defendant. | ) |

## **ORDER**

AND NOW, this 11th day of March, 2019, for the reasons set forth in the accompanying Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED that the motion to suppress evidence filed by defendant Vernon Jackson (ECF No. 48) is **DENIED**.

The motion hearing currently scheduled for March 12, 2019 at 10:00 a.m. will become a status conference to set a trial date because the Speedy Trial clock is now running.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge